IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**IVORY WILLIAMS**                                                                                   **PLAINTIFF**

V.                              Case No. 4:24-CV-00721-JM

**BANK OF AMERICA and**
**ALASTAIR BORTHWICK**                                                              **DEFENDANTS**

## ORDER

On August 28, 2024, the Court granted Plaintiff Ivory Williams's petition to proceed *in forma pauperis* and screened the Complaint. (Doc. 3). Noting that the allegations were insufficiently pleaded, the Court gave Williams an opportunity to amend the complaint. Williams timely filed an Amended Complaint (Doc. 4), which now must be screened. *See* 28 U.S.C. § 1915(e)(2).

"A *pro se* plaintiff must set forth enough factual allegations to 'nudge [] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). While *pro se* complaints must be reviewed liberally, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Williams sues the Bank of America and its Chief Financial Officer Alastair Borthwick alleging they unlawfully denied him a car loan. (Doc. 4). Specifically, Williams says that, on November 17, 2023, his request to finance a $128,000 to purchase a car was wrongly denied in

violation of the Equal Credit Opportunity Act within the Consumer Protection Act. (*Id*. at 7). He believes Defendants unlawfully withheld credit.

      Williams's complaint fails to state a claim upon which relief can be granted because it is conclusorily pleaded. *Iqbal*, 556 U.S. at 678. The documents Williams attaches to his complaint do not demonstrate that any right has been violated. The purpose of the Equal Credit Opportunity Act is to ensure that consumers are not denied credit because of their race, color, religion, national origin, sex or marital status, or age. *Bayard v. Behlmann Automotive Services, Inc.*, 292 F.Supp.2d 1181, 1185 (E.D. Missouri 2003); 15 U.S.C. § 1691(a)(1). Williams has not asserted he was denied an extension of credit for any of these reasons. Instead, he simply states, "I have a right to credit" without further explanation.

      Accordingly, the Complaint and Amended Complaint are dismissed without prejudice for failure to state a claim.

      IT IS SO ORDERED this 6th day of February, 2025.

                                                                UNITED STATES DISTRICT JUDGE